# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GOODRICH OPERATING CO., INC.,** **ET AL.** | : | **DOCKET NO. 06-0762** |
| **VS.** | : | **JUDGE MINALDI** |
| **BURNETT & CO., INC, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

On June 10, 2005, Goodrich Operating Co., Inc. and Petrogulf III, L.L.C. filed the instant

suit in the U.S. District Court for the Southern District of Texas on the basis of diversity

jurisdiction, 28 U.S.C. § 1332. The defendants, as set forth in the latest amended complaint,

include: AGF Marine Aviation Transport; Marine Insurance Company Limited; Certain

Underwriters at Lloyd's London who are members of Syndicates Numbered 2724, 1243, 1861,

and 0724; and Commercial Union Assurance Company, PLC. (Pl. 4th Amend. Complaint; ¶¶ 3-

7). On April 24, 2006, the case was transferred to the U.S. District Court for the Western District

of Louisiana, Lake Charles Division. (*See*, April 24, 2006, Order).

On June 12, 2006, this court reviewed the complaint, as amended, and observed that it did

not affirmatively allege all of the states of incorporation or any of the principal places of business

for the corporate parties. (June 12, 2006, Order). Moreover, plaintiffs did not identify the

citizenship of the members that comprise Petrogulf, III, L.L.C. Finally, plaintiffs did not identify

the members or Names of Lloyds, London that they sued, or their citizenship. *See, Corfield v.*

*Dallas Glen Hills LP,* 355 F.3d 853 (5th Cir. 2003). Accordingly, plaintiffs were granted 15 days

from June 12, 2006, to file an amended complaint that established diversity jurisdiction. (June 12, 2006, Order). Plaintiffs were cautioned that if they failed to so comply, or if jurisdiction was found to be lacking, then dismissal would be recommended. *Id.* Thirty days later, plaintiffs have not filed an amended complaint. The matter is now before the court.

<u>Discussion</u>

It is axiomatic that federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993, 122 S.Ct. 459 (2001). The burden of establishing federal jurisdiction rests on the party invoking the federal forum. *Id.* When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988)(citation omitted)(emphasis in citing source). This rule requires "strict adherence." *Id.*

For purposes of diversity, the citizenship of an L.L.C. is determined by its members. *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 829 (8th Cir. 2004).[1] Moreover, in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Id.* Simply alleging that a corporation is a "foreign insurer" without specifying its principal place of business is insufficient for jurisdictional purposes. *See, Getty, supra.*

In the court's June 12, 2006, Order, plaintiffs were notified that their complaint, as

---

[1] If a case involves an unincorporated association, the citizenship of each member must be considered. *Getty Oil, supra* (citation omitted). Under Louisiana law, a limited liability company is an unincorporated association. La. R.S. 12:1301A(10)

amended, did not adequately set forth the parties' citizenship. (June 12, 2006, Order). Plaintiffs were afforded the opportunity to correct the deficient jurisdictional allegations, yet have not done so. In the absence of the requisite jurisdictional facts, the record fails to establish diversity jurisdiction. Under these circumstances, where a party has been permitted an opportunity to amend its pleadings to allege the basis for diversity jurisdiction and still fails to do so, dismissal is warranted. *Patterson v. Patterson*, 808 F.2d 357, 358 (5th Cir. 1986);

For the foregoing reasons, the undersigned finds that plaintiffs have not satisfied their burden of establishing the existence of federal subject matter jurisdiction. *Howery, supra*; 28 U.S.C. § 1332. When subject matter jurisdiction is lacking, dismissal is required. Fed.R.Civ.P. 12(h)(3).[2] Accordingly,

IT IS RECOMMENDED that the complaint be DISMISSED, without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN**

---

[2] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL

CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on July 13, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE